UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

TRAVIS LIPPS,

    PLAINTIFF,                      CASE NO.:

v.

ALAN JAY FORD LINCOLN
MERCURY, INC.,

    DEFENDANT.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TRAVIS LIPPS ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, ALAN JAY FORD LINCOLN MERCURY, INC. ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime.

2. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

4. Venue is proper in the Southern District of Florida, because all of the events giving rise to these claims occurred in Highlands County, Florida.

## PARTIES

5. Plaintiff is a resident of Highlands County, Florida.

6. Plaintiff worked for Defendant as a Parts Sales Person at Alan Jay Ford Lincoln Mercury, Inc. at 3201 US Highway 27 South Sebring, FL 33870.

7. Defendant operates a Car Dealership in Sebring, in Highlands County.

8. Defendant is a Florida corporation.

## GENERAL ALLEGATIONS

9. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

10. At the time of these events, Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

12. As part of his regular job duties for Defendant, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce. For example, Plaintiff sold car parts to customers.

13. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

14. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

15. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

16. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

17. Defendant continues to be an "employer" within the meaning of the FLSA.

18. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

19. At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year. Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

20. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

21. Plaintiff has satisfied all conditions precedent, or they have been waived.

22. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

23. Plaintiff requests a jury trial for all issues so triable.

## FACTS

24. Plaintiff worked for Defendant from June 2008 to February 2016 as a Parts Sales Person.

25. On or around June 2015, Plaintiff's daughter suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

26. On or about June 2015, Plaintiff submitted medical documentation regarding his daughter's serious health condition and his absences related to same.

27. On or around January 2016, Plaintiff's suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

28. On or about January 2016, Plaintiff submitted medical documentation regarding his serious health condition and his absences related to same.

29. On or about February 12, 2016, Plaintiff's employment was terminated for excessive absences from work that should have been protected by the FMLA.

30. Plaintiff exercised his rights under the FMLA by requesting leave Defendant.

31. By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA.

32. At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's overtime provision under 29 U.S.C. § 213.

33. Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; he had no special or professional qualifications and skills for the use of which he was employed by Defendant; and he had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

34. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

35. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for all of his overtime hours at a rate equal to one and one-half times his regular hourly rate.

36. Defendant failed to pay Plaintiff an overtime premium for all of the hours that Plaintiff worked.

37. Instead, Defendant informed Plaintiff that Plaintiff's commission would make up for the lack of overtime pay.

38. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FMLA INTERFERENCE

39. Plaintiff realleges and readopts the allegations of paragraphs 1 through 38 of this Complaint, as fully set forth herein.

40. Plaintiff required time off from work to care for his daughter, because his daughter suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

41. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

42. By terminating Plaintiff's employment for excessive absences, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

43. Defendant's actions were willful and done with malice.

44. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

b) An injunction restraining continued violation of the FMLA by Defendant;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

e) Front pay;

f) Liquidated Damages;

g) Prejudgment interest on all monetary recovery obtained;

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

45. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 38 of this Complaint, as fully set forth herein.

46. Plaintiff required time off from work to care for his daughter, because his daughter suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

47. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

48. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

49. Defendant's actions were willful and done with malice.

50. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III – FLSA OVERTIME VIOLATION

51. Plaintiff realleges and readopts the allegations of paragraphs 1 through 38 of this Complaint, as though fully set forth herein.

52. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

54. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this _____ day of April, 2016.

                                  Respectfully submitted,

**MATTHEW K. FENTON**
Florida Bar Number: 0002089
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Direct Dial: 813-223-6413
Main Number: 813-224-0431
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**